UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| MARY BLACK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>FRONTIER UTILITIES, LLC, a Texas limited liability company,<br><br>*Defendant*. | Case No.:   1:15-cv-01234<br><br>Date Filed:   March 10, 2015<br><br>*Civil Action*<br><br>**Class Action Complaint and<br>Demand for Jury Trial** |

-----------------------------------------------------------------x

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Mary Black brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Frontier Utilities, LLC to stop its practice of making unsolicited calls to the telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. Frontier is a retail electricity and gas provider serving Texas, Pennsylvania, New York and New Jersey.

2. Unfortunately for consumers, in Frontier's zeal to attract new customers, it repeatedly made unsolicited promotional telephone calls to Plaintiff and the other members of a putative Class of consumers (defined below)—whose telephones numbers appeared on the National Do Not Call Registry—in violation of the Telephone Consumer Protection Act, 47

U.S.C. § 227 (the "TCPA").

3. By making the telephone calls at issue in this Complaint, Frontier caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance, as well as the invasion of privacy, which necessarily accompanies the receipt of unsolicited and harassing telephone calls.

4. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Frontier's unlawful conduct, Plaintiff brings the instant lawsuit and seeks an injunction requiring Frontier to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Mary Black is a natural person and citizen of the State of New York.

6. Defendant Frontier Utilities, LLC is a limited liability company existing under the laws of the State of Texas with its principal place of business located at 5161 San Felipe, Suite 320, Houston, Texas 77056. Defendant Frontier Utilities, LLC regularly conducts business throughout this District, the State of New York, and the United States.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA (a federal statute). This Court has personal jurisdiction over Frontier because it conducts significant business transactions within this District, solicit consumers in this District, and because it made and continues to make unsolicited calls to consumers located in this District.

8. Venue is proper in this District under 28 U.S.C. § 1391 because Frontier conducts

significant business transactions in this District and because Plaintiff resides here.

## COMMON FACTUAL ALLEGATIONS

9. Frontier is part of a fairly new industry that offers an alternative to purchasing natural gas and electricity directly from traditional utility companies.

10. As Frontier needs to acquire new customer from long-established utility companies, it has turned to a tried and true method of customer acquisition: telemarketing.

11. Unfortunately, Frontier failed to acquire any form of express prior written consent to make these calls, and worse still, made unsolicited calls to consumers who listed their telephone numbers on the National Do Not Call Registry.

12. Complaints regarding Frontier's widespread telemarketing, including the following, are legion online:[1]



---

[1] *See, e.g.*, 800notes.com for telephone number 1-877-636-3552, http://800notes.com/Phone.aspx/1-877-636-3552 (last visited Mar. 9, 2015); 800notes.com for telephone number 1-646-517-8171, http://800notes.com/Phone.aspx/1-646-517-8171 (last visited Mar. 9, 2015); 800notes.com for telephone number 1-866-926-8192, http://800notes.com/Phone.aspx/1-866-926-8192 (last visited Mar. 9, 2015); 800notes.com for telephone number 1-914-676-6666, http://800notes.com/Phone.aspx/1-914-676-6666/2 (last visited Mar. 9, 2015).



13.     Frontier knowingly made (and continues to make) these telemarketing calls to consumers without the consumers' prior express consent to do so. Most notably, Frontier places repeated and unwanted calls to consumers whose phone numbers are registered with the National Do Not Call Registry. Consumers register their phone numbers on the Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls like those alleged here.

14.     Frontier also knowingly made (and continues to make) these telemarketing calls after consumers requested that the calls cease. In so doing, Frontier not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF BLACK

15.     Starting in or around the middle of 2014, Plaintiff Mary Black began receiving calls on her landline telephone from the phone number (646) 517-8171, among others.

16.     When Plaintiff answered some of these calls, the telemarketer indicated that she was calling from Frontier Utilities and attempted to sell her its utility services. Plaintiff indicated that she was not interested and that the number called was on the National Do Not Call Registry,

4

and she asked to not be called again. Nonetheless, Frontier continued to call her. She also attempted to call the number back and visit Frontier's website to make the calls stop, but was yet again unsuccessful.

17. Plaintiff does not have any form of a relationship with Frontier, has never used Frontier's services, has never provided her landline telephone number directly to Frontier, or requested that Frontier place calls to her or offer her its services. Simply put, Plaintiff has never provided Frontier with her prior express consent to place calls to her and has no prior or current business relationship with Frontier.

18. Plaintiff's landline telephone number has been registered with the National Do Not Call Registry since February 2012, for the explicit purpose of avoiding telemarketing calls just like those alleged in this case.

19. In the previous twelve months, Plaintiff has received at least a dozen calls from Frontier, including several calls after she requested that the calls cease.

20. Frontier is and was aware that the above-described telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them and whose telephone numbers were registered with the National Do Not Call Registry.

## CLASS ALLEGATIONS

21. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3) on behalf of herself and a class defined as follows (the "Class"):

> All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry for at least thirty days; (2) who received more than one telephone call made by Frontier within a 12-month period; and (3) for whom Frontier has no current record of consent to place such calls.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

22. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

23. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct constitutes a violation of the TCPA;

    (b)    Whether Defendant systematically made telephone calls to members of the Class for whom Defendant did not have a current record of consent to make such telephone calls;

    (c)    Whether Defendant systematically made telephone calls to members of the Class whose telephone numbers were registered with the National Do Not Call Registry; and

(d) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

24. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the other Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

26. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have suffered similar harm and damages as a result of Defendant's unlawful and wrongful conduct.

27. **Superiority**: This case is also appropriate for class certification because class

proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Class)**

28. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

30. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons

who do not wish to receive telephone solicitations that is maintained by the federal government."

31. 47 C.F.R. § 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

32. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for

telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

33. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to residential and wireless telephone subscribers—such as Plaintiff and the Class members—who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

34. Defendant made more than one unsolicited telephone call to Plaintiff and members of the Class within a 12-month period without their prior express consent to make such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

35. Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers—such as Plaintiff and the Class—without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

36. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

37. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mary Black, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Mary Black as the representative of the Class, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

                                    Respectfully submitted,

                                    **MARY BLACK**, individually and on behalf of all others similarly situated,

Dated: March 10, 15        By: _____
                                              Matthew Wurgaft

                                    Matthew Wurgaft (MW1734)
                                    mwurgaft@kravisfile.com
                                    KRAVIS & FILE, P.C.
                                    201 Washington Street
                                    Newark, New Jersey 07102
                                    Tel: 201.340.2664
                                    Fax: 201.340.2666

                                    Rafey S. Balabanian*
                                    rbalabanian@edelson.com
                                    Benjamin H. Richman*
                                    brichman@edelson.com
                                    Courtney C. Booth*
                                    cbooth@edelson.com
                                    EDELSON PC
                                    350 North LaSalle Street, Suite 1300
                                    Chicago, Illinois 60654
                                    Tel: 312.589.6370
                                    Fax: 312.589.6378

                                    Stefan L. Coleman*
                                    law@stefancoleman.com
                                    LAW OFFICES OF STEFAN COLEMAN, LLC
                                    201 South Biscayne Boulevard, 28th Floor
                                    Miami, Florida 33131
                                    Tel: 877.333.9427
                                    Fax: 888.498.8946

                                  **Pro hac vice* admission to be sought.*